IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Freddy Ludwig Wambach, | ) | C/A No.: 1:10-2912-HFF-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Chuck Wright; John Doe; Roger Couch; H. Hope Blackley; T. Camp; County of Spartanburg; H. Trey Gowdy; are sued individually and in their official capacities, | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

Plaintiff, Freddy Ludwig Wambach, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is a detainee at the Spartanburg County Detention Center, and files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint names government officials and employees as defendants, thus is subject to screening.[2] Plaintiff claims false arrest and malicious prosecution, and seeks monetary damages, as well as declaratory and injunctive relief. The complaint should be dismissed for failure to state a claim upon which relief may be granted, and several defendants are immune from liability under § 1983.

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

I.    Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009); *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a court to dismiss the case upon a finding that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief."[3] 28 U.S.C. § 1915(e)(2)(B). This court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007), by holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976), *Hughes v. Rowe*, 449 U.S. 5 (1980) (*per curiam*). A court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Hughes v.*

---

[3] Screening pursuant to § 1915A is subject to this standard as well.

*Rowe*, 449 U.S. at 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

II.     Discussion

    A.     Factual Background

While imprisoned in the Spartanburg County Detention Center, Plaintiff was charged with malicious/willful injury to courthouse/jail on May 25, 2009. Compl. at 3. [Entry #1]. Plaintiff alleges he asked for a preliminary hearing on the charge in May 2009, but was not given such a hearing, and he disputes court records that indicate he was brought before the court for a preliminary hearing on August 21, 2009, and October 10, 2009. *Id.* at 3–6. At a bond hearing on May 25, 2009, a court date of July 16, 2009 was set on the malicious injury charge. *Id*. at 3. On August 5, 2009, while still in the detention center, Plaintiff was served with a bench warrant for failure to appear at the hearing on

July 16, 2009. *Id.* at 3–4. Plaintiff was brought before the court on August 6, 2009 "to plea[d] guilty," but Plaintiff chose to proceed to trial. *Id.* at 4–5. Plaintiff has not indicated the outcome of the trial or whether it is still pending.

    B.    Analysis

Plaintiff files this civil rights action pursuant to 42 U.S.C. § 1983. A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). The civil rights statute 42 U.S.C. § 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994), (quoting *Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979)). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

    1.    Immunity

As an initial matter, several defendants are immune from suit under § 1983. Immunity presents a threshold question which should be resolved before even discovery is allowed. *See Siegert v. Gilley*, 500 U.S. 226 (1991). Absolute immunity "is an immunity from suit rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).

4

Defendant Couch is a state judge, and is named as a defendant in Plaintiff's § 1983 lawsuit for actions he took in the performance of his duties as a judge. The Supreme Court has specifically held that state judges are absolutely immune from liability under 42 U.S.C. § 1983. *Briscoe v. LaHue*, 460 U.S. 325, 334 (1983); *Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Pierson v. Ray*, 386 U.S. 547, 554 (1967). Therefore, it is recommended that Defendant Couch be dismissed as a defendant in this case based on his absolute immunity from suit.

Defendant Blackley is the Clerk of Court for Spartanburg County, Seventh Judicial Circuit, and Defendant Camp is employed in the Office of the Clerk of Court. Clerks of Court are part of the State of South Carolina's unified judicial system. *See* S.C. Code Ann. §§ 14-1-40, 14-17-10. As such, the doctrine of quasi-judicial immunity provides protection from suit to Defendants Blackley and Camp. The doctrine of absolute quasi-judicial immunity has been adopted and made applicable to court support personnel because of "the 'danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts[.]'" *Kincaid v. Vail*, 969 F.2d 594, 601 (7th Cir. 1992), (quoting *Scruggs v. Moellering*, 870 F.2d 376, 377 (7th Cir. 1989)); *see also Ashbrook v. Hoffman*, 617 F.2d 474, 476 (7th Cir. 1980) (collecting cases on immunity of court support personnel). Several circuits have specifically held "that a clerk's issuance of a warrant involves a quasi-judicial act and, therefore, carries with it the protections of absolute immunity." *Newton v. Buckley*, No. 96-4202, 1997 WL 642085, at *4 (10th Cir.

Oct. 17, 1997); *see also Foster v. Walsh*, 864 F.2d 416, 417–18 (6th Cir. 1988); *Scott v. Dixon*, 720 F.2d 1542, 1546–47 (11th Cir. 1983); *Mosley v. Bass River Municipal Court*, Civil No. 04-4511(JBS), 2006 WL 2264835, at *3 (D.N.J. Aug. 7, 2006) (granting quasi-judicial immunity to a clerk of court for improperly issuing a bench warrant). The Clerk of Court is authorized by state law to issue bench warrants. *See* S.C. Code Ann. § 14-17-260. Because Plaintiff's claim against Defendants Blackley and Camp is based on the manner in which the Clerk of Court's office performed an official duty of issuing a bench warrant, these Defendants are protected by the doctrine of quasi-judicial immunity. Therefore, it is recommended that Defendants Blackley and Camp should be dismissed as defendants in this case based on their immunity from suit.

Defendant Gowdy is the chief prosecutor for the Seventh Circuit Solicitor's Office, which represents the State of South Carolina in criminal cases filed in Spartanburg County. The Supreme Court has specifically held that "state prosecutors have absolute immunity from liability for their actions in initiating prosecutions." *Briscoe v. LaHue*, 460 U.S. at 334, citing *Imbler v. Pachtman*, 424 U.S. 409 (1976). In *Imbler*, the United States Supreme Court held that prosecutors, when acting within the scope of their duties, have absolute immunity from damages liability under § 1983 for alleged civil rights violations committed in the course of proceedings that are "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. at 430. Plaintiff alleges Defendant Gowdy represented the State in the state criminal case pending against Plaintiff, and conspired with the other Defendants "to bring the Plaintiff before a Court of

6

General Sessions on the false charge of failure to appear and malicious injury to jail property to plea guilty to said charges without conducting first his rights to initial appearance (on the failure to appear charge) and his rights to a preliminary hearing." Compl. at 4-5 [Entry #1]. Plaintiff's factual allegations concerning the state criminal case proceedings indicate that the actions of Defendant Gowdy were within the scope of his prosecutorial duties. Thus, Defendant Gowdy has prosecutorial immunity from suit in this § 1983 action and it is recommended that Defendant Gowdy be dismissed based on his immunity from suit.

Plaintiff sues each Defendant, except the County of Spartanburg, in both their individual and official capacities. When a defendant is sued in his or her official capacity, the suit is frequently intended as one against the state, the real party in interest. If review of the pleadings indicates that the state is, in fact, the party being sued, then a judgment awarding damages is precluded by the Eleventh Amendment of the United States Constitution. Although declaratory and/or injunctive relief may be granted, damages may not be awarded against the state. In *Will v. Michigan Department of State Police*, 491 U.S. 58 (1989), the Supreme Court analyzed the interplay between § 1983 and the Eleventh Amendment of the Constitution and stated,

> Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. The Eleventh Amendment bars such suits unless the State has waived its immunity [cites omitted] or unless Congress has exercised its undoubted power under § 5 of the Fourteenth Amendment to override that immunity.

*Id.* at 66. The Eleventh Amendment immunity granted to the states "applies only to States or governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes," but the court found that state agencies, divisions, departments, and officials are entitled to the Eleventh Amendment immunity. *Id*. at 70. In reaching this conclusion, the court held that a suit against state officials acting in their official capacities is actually against the office itself and, therefore, against the state. State officials may only be sued in their individual capacities. Thus, Defendants, except County of Spartanburg, are entitled to Eleventh Amendment immunity from monetary damages in their official capacities.

        2.        Municipal Liability

Although Defendant County of Spartanburg is not an individual, a county can be sued under § 1983 for violation of a federal right. *Monell v. Department of Social Services*, 436 U.S. 658, 690 (1978) (local governments are "persons" for purposes of § 1983 liability). Municipal liability is based on execution of a governmental policy or custom. *Id*. at 690–91. A local government may not be held liable under § 1983 based on a *respondeat superior* theory, the fact it employs an individual, and that individual violated a plaintiff's constitutional right. *Id*. at 691. A plaintiff must identify a municipal "policy" or "custom" that caused the plaintiff's injury. *Board of County Commissioners v. Brown*, 520 U.S. 397, 403 (1997). Plaintiff fails to identify a policy or custom of Defendant County of Spartanburg which caused his federal rights to be violated, thus he fails to state a claim against this Defendant. The complaint fails to state a claim under §

1983 against Defendant County of Spartanburg, so this Defendant should be dismissed as a party in this case.

### 3. Failure to State a Claim

Plaintiff claims "officers Chuck Wright and John Doe violated Plaintiff's rights under the Fourth and Fourteenth Amendments by illegally seizing him without probable cause and that the arrest made pursuant to a warrant was not supported by probable cause violated Plaintiff's rights and constituted malicious prosecution." Defendant Wright is the Sheriff of Spartanburg County and Defendant Doe is a deputy sheriff. Plaintiff alleges Defendants Wright and Doe falsely arrested him by serving a bench warrant on him for failure to appear for court on July 16, 2009. Plaintiff has been incarcerated at the Spartanburg County Detention Center since May 24, 2009. Thus, he was in the detention center on the date of the court hearing at which he did not appear, and he was in the detention center when he was served with the bench warrant on August 5, 2009. Plaintiff alleges the Defendants Wright and Doe "seized Plaintiff pursuant to legal process (information) which formed the basis for his arrest etc., was maliciously supplied by the herein Defendants with the knowledge that it was false, and therefore his arrest etc., were without probable cause." Compl. at 4 [Entry #1]. In as much as Plaintiff attempts to claim violation of substantive due process, the Supreme Court has ruled that an individual alleging that he was prosecuted in the absence of probable cause states no substantive due process claim, but instead the claim must be brought under the Fourth Amendment. *Albright v. Oliver*, 510 U.S. 266 (1994).

The Fourth Amendment guarantees the "right of the people to be secure in their persons . . . against unreasonable searches and seizures . . . and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing ... the persons or things to be seized." U.S. Const. amend. IV. "[A] public official cannot be charged with false arrest when he arrests a defendant pursuant to a facially valid warrant." *Porterfield v. Lott*, 156 F.3d 563, 568 (4th Cir. 1998); *Brooks v. City of Winston-Salem*, 85 F.3d 178, 181–82 (4th Cir. 1996) (same). Although Plaintiff claims all Defendants knew, or should have known, he was in jail on the date of the court hearing, and therefore should have known the bench warrant for failure to appear was "false," his presence in jail does not itself bring into question the facial validity of the bench warrant. For instance, Plaintiff attended other hearings while incarcerated in the detention center and the fact that Plaintiff did not attend the July 16, 2009, hearing is not in dispute. Arresting officers are generally entitled to rely on a facially valid warrant in effecting an arrest. It is not the duty of the officers to assess guilt or innocence, but merely to serve the warrant:

> A reasonable division of functions between law enforcement officers, committing magistrates, and judicial officers – all of whom may be potential defendants in a § 1983 action – is entirely consistent with "due process of law." Given the requirements that arrest be made only on probable cause and that one detained be accorded a speedy trial, we do not think a sheriff executing an arrest warrant is required by the Constitution to investigate independently every claim of innocence, whether the claim is based on mistaken identity or a defense such as lack of requisite intent. Nor is the official charged with maintaining custody of the accused named in the warrant required by the Constitution to perform an error-free investigation

> of such a claim. The ultimate determination of such claims of innocence is placed in the hands of the judge and the jury.

*Baker v. McCollan*, 443 U.S. 137, 145–46 (1979) (footnote omitted). Plaintiff's claims of false arrest against Defendants Wright and Doe fail to state a claim.

Just as with false arrest, there is no independent cause of action for malicious prosecution under § 1983. A "malicious prosecution claim under § 1983 is properly understood as a Fourth Amendment claim for unreasonable seizure which incorporates certain elements of the common law tort." *Lambert v. Williams*, 223 F.3d 257, 261 (4th Cir. 2000). In order for a plaintiff to state a § 1983 malicious prosecution claim for a seizure in violation of the Fourth Amendment, the defendant must have "seized [plaintiff] pursuant to legal process that was not supported by probable cause and that the criminal proceedings [have] terminated in [plaintiff's] favor." *Brooks v. City of Winston-Salem*, 85 F.3d 178, 183-84 (4th Cir. 1996). Although Plaintiff alleges he was arrested without probable cause, he does not allege that the proceedings terminated in his favor. Plaintiff's claim of malicious prosecution fails to state a claim under § 1983.

In addition to the claims of false arrest and malicious prosecution, Plaintiff also claims Defendants conspired to violate his constitutional rights by illegally arresting and maliciously prosecuting him. Compl. at 7. In order to establish a civil conspiracy claim under § 1983, a plaintiff must show that the defendants "acted jointly in concert and that some overt act was done in furtherance of the conspiracy which resulted in [Plaintiff's] deprivation of a constitutional right." *Hinkle v. City of Clarksburg, W.VA.*, 81 F.3d 416,

421 (4th Cir. 1996) citing *Hafner v. Brown*, 983 F.2d 570, 577 (4th Cir. 1992).  Plaintiff claims a conspiracy to falsely arrest and maliciously prosecute him based on issuance and service of a bench warrant.  Plaintiff has not stated a valid claim of false arrest, or malicious prosecution, so therefore has not stated a valid claim of conspiracy to violate his Fourth Amendment rights.  Plaintiff's claim of civil conspiracy under § 1983 should be dismissed for failure to state a claim.

Likewise, Plaintiff's claim for constitutional violations related to failure to receive or attend a preliminary hearing fail to state a claim under § 1983.  Plaintiff does not show that he has been deprived of a federal right as required to state a cause of action under § 1983.  Although the South Carolina rule refers to a "preliminary hearing," *see* S.C.R. Crim. P. 2, "[t]he purpose of the preliminary hearing is to establish that probable cause exists to continue the criminal process." *State v. Cunningham*, 275 S.C. 189, 193, 268 S.E.2d 289, 291 (1980).  The federal constitution does not create a right to a state preliminary hearing.  The probable cause determination, as an initial step into the criminal justice process, may be made by a judicial officer without an adversary hearing. *Gerstein v. Pugh*, 420 U.S. 103, 120 (1975).  Failure to follow state rules or procedures does not establish violation of a federal right.  Plaintiff's § 1983 claim of constitutional violations related to failure to attend a preliminary hearing fail to state a claim on which relief may be granted.

4.  State Law Claims

Although an independent basis for federal jurisdiction is lacking to consider Plaintiff's state law claims, such as negligence, 28 U.S.C. § 1367 grants district courts "supplemental" or pendant jurisdiction, which allows federal courts to hear and decide state law claims along with federal law claims. *Wisconsin Dep't of Corrections v. Schacht*, 524 U.S. 381, 387 (1998). Federal courts are permitted to decline supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3), if "the district court has dismissed all claims over which it has original jurisdiction." Because Plaintiff has not stated a viable claim under § 1983, the undersigned recommends all of Plaintiff's federal law claims considered in the court's original jurisdiction be summarily dismissed and that the district judge decline to exercise supplemental jurisdiction over the remaining state law claims pursuant to 28 U.S.C. § 1367(c)(3).

5.  Representation

As a final matter, Plaintiff alleges several other inmates have been falsely arrested and denied legal process. In as much as Plaintiff may be attempting to bring claims on behalf of other inmates, his attempt fails. While 28 U.S.C. § 1654 allows individuals to "plead and conduct their own cases personally," proceeding *pro se*, the statute does not extend that right to represent other parties. *Hummer v. Dalton*, 657 F.2d 621, 625–626 (4th Cir. 1981) (a prisoner cannot act as a "knight-errant" for others); *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (a *pro se* prisoner cannot be an advocate for others in a class action).

The complaint should be dismissed without prejudice for failure to state a claim on which relief may be granted, and because it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(ii), (iii).

III. Conclusion

Accordingly, it is recommended that the district judge dismiss the complaint without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

*[signature]*

February 7, 2011                                         Shiva V. Hodges
Florence, South Carolina                             United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**